**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AUTOMOTIVE FINANCE
CORPORATION,

                Plaintiff,

                v.

DZ MOTORS, LLC, et al.,

                Defendants.

Civil Action No. 16-7955 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendants DZ Motors, LLC ("DZ Motors"), Dmitriy Zholobov, and Elena Zholobov's (collectively, "DZ Defendants") motion to dismiss Counts Three and Four as to DZ Motors and Dmitriy Zholobov and all Counts as to Elena Zholobov of the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). (ECF No. 13.) Additionally, Defendant United Teletech FCU ("United Teletech") filed a motion to dismiss Count One of the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 20.) Plaintiff Automotive Finance Corporation ("Plaintiff") filed opposition to DZ Defendants' motion and requested leave to amend (ECF No. 18), and DZ Defendants replied (ECF No. 19). Plaintiff also filed opposition to United Teletech's motion and requested leave to amend (ECF No. 28), and United Teletech did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants in part and denies in part DZ Defendants' motion to dismiss, and grants United Teletech's motion to dismiss.

## I.    Background[1]

Plaintiff is an automotive finance company organized under the laws of the State of Indiana and has its principal place of business in Indiana. (Am. Compl. 1, ECF No. 6.)[2] On or about May 13, 2010, Plaintiff, A to Z Auto Connection[3] ("A to Z"), and DZ Motors[4] entered into a Demand Promissory Note and Security Agreement (the "Note"), which Dmitriy Zholobov signed, individually and as manager of DZ Motors. (*Id.* at 2.) Between 2010 and 2015, Plaintiff and DZ Motors executed numerous "Aggregate Advance Limit Amendments" to the Note, ultimately increasing the aggregate advance limit from $250,000 to $4,600,000.[5] (*Id.* at 3.) DZ Motors and Dmitriy Zholobov failed to make timely payments[6] as per the terms of the Note. (*Id.* at 5.) In or around October 2016, Plaintiff exercised its rights under the Note[7] and repossessed eighty-two vehicles to satisfy DZ Motors, A to Z, and Dmitriy Zholobov's debt. (*Id.* at 4.) Plaintiff alleges

---

[1] For the purpose of the instant motions, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (stating that on a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief"). The allegations included in this section are taken directly from Plaintiff's Amended Complaint.

[2] Plaintiff failed to include page numbers or consecutively numbered paragraphs in the Amended Complaint. The Court, therefore, references ECF page numbers.

[3] A to Z is a former corporation organized under the laws of New Jersey. (Am. Compl. 1.) A to Z's corporate charter was revoked on October 16, 2012. (*Id.*)

[4] DZ Motors is a limited liability company organized under the laws of New Jersey. (Am. Compl. 1.)

[5] "As of October 25, 2016, the payoff for the Note [was] $3,729,170.17." (Am. Compl. 5.)

[6] The Amended Complaint fails to indicate on what dates DZ Motors, A to Z, and Dmitriy Zholobov failed to render payment. (*See* Am. Compl. 3-4.)

[7] Paragraph 8.0 of the Note contains Plaintiff's right to repossess. (Am. Compl. 3-4.)

that three vehicles[8] (the "Three Vehicles") are "missing" and are in the possession of DZ Defendants. (*Id.*)

On information and belief, Plaintiff alleges that DZ Defendants (1) did not act as "buyers in the ordinary course" as defined by the Uniform Commercial Code ("UCC"); (2) conspired to fraudulently transfer title to the three missing vehicles; and (3) obtained financing from Defendant Raritan Bay Federal Credit Union[9] ("Raritan Bay") in a fraudulent manner. (*Id.* at 4-5.) Plaintiff further alleges that DZ Motors failed to satisfy Plaintiff's lien and provide purchasers with titles to sixty-two vehicles which have been sold "out of trust."[10] (*Id.* at 4.) Additionally, Plaintiff alleges that one vehicle, a 2015 Porsche 911 (the "Porsche"), was transferred from DZ Motors to Defendants Rossi Collantes and Shiel Patel, both of whom are believed to be buyers outside the ordinary course of business, with United Teletech listed as a lienholder. (*Id.* at 5.)

Plaintiff filed a five-count Amended Complaint against DZ Defendants, A to Z, Raritan Bay, Rossi Collantes, Shiel Patel, United Teletech, and John Does 1 to 100. (*See id.* at 1.) The Amended Complaint brings counts for: (1) Replevin ("Count One"); (2) Release of Raritan Bay Federal Credit Union Inferior Liens ("Count Two"); (3) Violation of the civil New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJ RICO") ("Count Three"); (4) New Jersey and Indiana Common Law Fraud ("Count Four"); and (5) Breach of Contract ("Count Five"). (*Id.* at 5-9.) On December 6, 2016, DZ Defendants moved to dismiss Counts Three and

---

[8] The Three Vehicles include: (1) a 2015 Bentley; (2) a 2014 Mercedes Benz; and (3) a 2016 Mercedes Benz. (Am. Compl. 4-5.)

[9] Raritan Bay Federal Credit Union is a not-for-profit financial institution with its principal place of business in South Amboy, New Jersey. (Am. Compl. 2.)

[10] An "out of trust" sale occurs when the borrower agrees to pay a lienholder for a vehicle and sells it, but fails to pay the lienholder for the sale. *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 82 n.2 (3d Cir. 2000).

Four, and all Counts as to Elena Zholobov.[11] (DZ Defs.' Moving Br. 1, ECF No. 13-1.) On December 29, 2016, United Teletech moved to dismiss all claims against it.[12] (United Teletech's Moving Br. 5, ECF No. 20-2.)

## II.    **Legal Standard**

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable

---

[11] DZ Defendants moved to dismiss all Counts against Elena Zholobov. (DZ Defs.' Moving Br. 7.) DZ Defendants, however, failed to brief Count Two. (*See id*; DZ Defs.' Reply Br. 5, ECF No. 19.) The Court, nevertheless, will address Count Two. Elena Zholobov is not named as a defendant under Count Five of the Amended Complaint. (*See* Am. Compl. 9.)

[12] United Teletech is not named as a defendant under Counts Two, Three, Four, and Five of the Amended Complaint. (*See* Am. Compl. 6-9.)

inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

Additionally, Federal Rule of Civil Procedure 9(b) applies when a plaintiff alleges fraud. Fed. R. Civ. P. 9(b). "[C]onclusory allegations are not sufficient to withstand Rule 9(b)," and instead "the circumstances constituting fraud . . . shall be stated with particularity." *Grant v. Turner*, No. 09-2381, 2010 WL 4004719, at \*4 (D.N.J. Oct. 12, 2010); *Hemy v. Perdue Farms, Inc.*, No. 11-888, 2013 WL 1338199, at \*9 (D.N.J. Mar. 13, 2013). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

## III.    Discussion

Count One of the Amended Complaint alleges a replevin action against DZ Defendants and United Teletech. (Am. Compl. 5-6.) In its Amended Complaint and opposition briefs, Plaintiff fails to state whether Indiana or New Jersey law governs Count One. (*See id.*; Pl.'s Opp'n Br. to DZ Defs.' Mot. to Dismiss. 10-12, ECF No. 18; Pl.'s Opp'n Br. to United Teletech's Mot. to Dismiss 11-13, ECF No. 28.) With respect to this issue, DZ Defendants and United Teletech are also silent on which state's laws apply. (*See* DZ Defs.' Moving Br. 7; DZ Defs.' Reply Br. 5, ECF No. 19; United Teletech's Moving Br. 10-13.) Accordingly, the Court will conduct a choice of law analysis for Count One based on the facts alleged in the Amended Complaint to determine whether Plaintiff has sufficiently pleaded a claim for replevin under New Jersey and Indiana law.[13]

---

[13] This case involves a choice of law issue under Count One. A district court sitting in diversity must apply the choice of law rules of the forum state. *Klaxon Co. v. Strentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). New Jersey courts use the "most significant relationship" test of the Restatement Second of Conflict of Laws (1971). *Skeen v. BMW of N. Am., LLC*, No. 13-1531, 2014 WL 283628, at \*3 (D.N.J. Jan. 24, 2014); *P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453,

### A.    Replevin (Count One)

Under New Jersey law, replevin is governed by N.J.S.A. 2B:50-1, which states that "[a]

person seeking recovery of goods wrongly held by another may bring an action for replevin."

N.J.S.A. 2B:50-1. A plaintiff bears the burden "to establish ownership, absolute or qualified, with

the right to exclusive possession at the time of bringing the [replevin] action[.]" *Isr. Disc. Bank of*

*N.Y. v. H.N. Int'l Grp., Inc.*, No. 16-6258, 2016 WL 6023155, at *9 n.2 (D.N.J. Oct. 14, 2016)

(citing *Mandelbaum v. Weiss*, 77 A.2d 493, 495 (N.J. Super. Ct. App. Div. 1950)). A plaintiff must

prove its right to recovery "based upon the strength of [its] own title rather than upon the weakness

of the defendant's title." *Naso v. Pogach*, No. 09-3766, 2011 WL 2518786, at *6 (N.J. Super. Ct.

App. Div. June 27, 2011) (quoting *Grimbalis v. Stelling*, 18 A.2d 412, 413 (N.J. 1941)). New

Jersey law requires that a plaintiff demand possession of the property and allege a refusal of such

demand by the defendant. *Isr. Disc. Bank of N.Y.*, 2016 WL 6023155, at *9 n.3.

Under Indiana law, a plaintiff seeking to recover in an action for replevin must prove that

the plaintiff has title or a right to possession, that the property is unlawfully detained, and that the

defendant wrongfully holds possession of the property. *United Farm Family Mut. Ins. Co. v.*

*Michalski*, 814 N.E.2d 1060, 1067 (Ind. Ct. App. 2004); *Pringle v. Garcia*, No. 09-22, 2013 WL

6178237, at *20 (N.D. Ind. Nov. 25, 2013). Similarly, to state a valid replevin action under Indiana

law, a plaintiff must demand possession of the property and allege a refusal of such demand by the

---

459-60 (N.J. 2008). This test involves a two-step inquiry. *Camp Jaycee*, 962 A.2d at 470. First, a
court "determine[s] whether an actual conflict" of law exists. *Id.* If no conflict exists, then the law
of the forum state applies and the court need not reach the second step of the analysis. *Id.* If there
is a conflict, however, then the court proceeds to the second step. *Id.* At that point, "the [c]ourt
must determine which state has the 'most significant relationship' to the claim, by 'weigh[ing] the
factors set forth in the Restatement section corresponding to the plaintiff's cause of action.'"
*Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 717 (D.N.J. 2011) (quoting *Nikolin v. Samsung
Elecs. Am., Inc.*, No. 10-1456, 2010 WL 4116997, at *9 (D.N.J. Oct. 18, 2010)). Importantly, this
choice of law analysis is conducted on a claim-by-claim basis. *Snyder*, 792 F. Supp. 2d at 717.

defendant. *Tucker v. Capital City Riggers*, 437 N.E.2d 1048, 1051 (Ind. Ct. App. 1982) (citing *Hays v. Burns*, 19 N.E.2d 862, 863 (Ind. Ct. App. 1939)).

### 1.    Elena Zholobov

Count One of the Amended Complaint seeks replevin of the Three Vehicles against Elena Zholobov. (Am. Compl. 6.) Here, Plaintiff alleges that the Three Vehicles are "believed to be in possession of . . . Elena Zholobov[,]" and that Plaintiff has a right to immediate possession of the Three Vehicles pursuant to its rights under the terms and conditions of the Note. (*Id.*) Plaintiff further alleges that demand for possession has been made upon Elena Zholobov, who has refused and failed to deliver the Three Vehicles. (*Id.*) The Court finds that Plaintiff has sufficiently pleaded a claim for replevin under Indiana and New Jersey law. Accordingly, the Court denies DZ Defendants' motion to dismiss Count One against Elena Zholobov.[14]

### 2.    United Teletech

Count One of the Amended Complaint also alleges replevin of the Porsche against United Teletech. (Am. Compl. 6.) Plaintiff alleges that the Porsche was transferred from DZ Motors to Rossi Collantes and Shiel Patel, with United Teletech listed on the current title as lienholder. (*Id.* at 5.) Plaintiff further alleges that "on information and belief, this transfer was not in the ordinary course and the purchase money security interest of Plaintiff is superior to that of Rossi Collantes, Shiel Patel, and United Teletech[.]" (*Id.*) Here, Plaintiff fails to allege that the Porsche is being unlawfully detained or that United Teletech refused Plaintiff's demand. (*See* Am. Compl. 6.) Plaintiff also fails to allege that United Teletech has possession of the vehicle. (*See id.*) The Court, therefore, finds that Plaintiff fails to plead sufficient factual allegations that would support a

---

[14] The distinctions between Indiana and New Jersey law do not impact the Court's decision on the instant motions. The Court, however, reserves its decision on whether Indiana or New Jersey law applies to Count One, which the parties may brief at a later stage of the proceedings.

replevin action against United Teletech in accordance with New Jersey or Indiana law. (Am. Compl. 5-6.) Accordingly, the Court grants United Teletech's motion to dismiss Count One.

**B.**     <u>Release of Raritan Bay's Inferior Liens (Count Two) as to Elena Zholobov</u>

Count Two of the Amended Complaint alleges that Elena Zholobov was not a buyer in the ordinary course and instead was an "insider" buyer, and Plaintiff seeks release of Raritan Bay's recorded liens on the Three Vehicles. (Am. Compl. 6-7.) Pursuant to the UCC, a buyer in the ordinary course is defined as:

> [A] person that buys goods in good faith, without knowledge that the sale violates the rights of another person in the goods, and in the ordinary course from a person, other than a pawnbroker, in the business of selling goods of that kind. A person buys goods in the ordinary course if the sale to the person comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller's own usual or customary practices.

U.C.C. § 1-201(b)(9). To determine whether someone is a "buyer in the ordinary course," a court must inquire into the exact nature of the transaction and evaluate the facts specifically. *Martin Marietta Corp. v. N.J. Nat'l Bank,* 612 F.2d 745, 753 (3d Cir. 1979); *see Morey Mach. Co. v. Great W. Indus. Mach. Co.,* 507 F.2d 987, 989 (5th Cir. 1975) (finding that the buyer was not in the ordinary course where close relation of the buyer and the seller raised concern that the sale was effected to protect the collateral from the seller's creditor).

Here, Plaintiff alleges the Elena Zholobov was not a buyer in the ordinary course with respect to the purchase of the Three Vehicles, stating that Elena Zholobov was an "insider[,]" and that "the transaction [is] subject to Plaintiff's superior filed lien." (Am. Compl. 7.) The Amended Complaint, however, is void of sufficient factual allegations to support a finding that Elena Zholobov was not a buyer in the ordinary course. Specifically, Plaintiff fails to allege that Elena Zholobov did not comport with the usual or customary practices of motor vehicle sales. *See* U.C.C.

§ 1-201. Further, Plaintiff fails to allege that there is a relationship between the parties or that any facts exist that would support finding that the transaction was outside the ordinary course. *See Martin Marietta Corp.*, 612 F.2d at 753. The Court, therefore, concludes that Plaintiff fails to plead sufficient facts to demonstrate that Elena Zholobov was not buyer in the ordinary course. Accordingly, the Court grants DZ Defendants' motion to dismiss Count Two as to Elena Zholobov.

### C.    <u>Violations of Civil NJ RICO (Count Three)</u>

Count Three of the Amended Complaint alleges violations of the civil NJ RICO statute, N.J.S.A. 2C:41-1 to -6.2, against DZ Defendants. (Am. Compl. 7.) Plaintiff alleges that DZ Defendants "used . . . DZ Motors[] as an instrumentality of [fraud] in violation" of the NJ RICO statute. (*Id.*) Plaintiff alleges that DZ Defendants engaged in racketeering conduct, which included "theft, forgery and fraudulent practices, embezzlement[,]" and "conspiracy in contravention of N.J.S.A. 2C:41-2(d)." (*Id.*) A plaintiff is permitted to file a civil suit pursuant to N.J.S.A. 2C:41-2 when violations of the NJ RICO statute cause damage to its business or property. *See* N.J.S.A. 2C:41-4(c). A claim under the NJ RICO statute requires a plaintiff to allege: "(1) the existence of an enterprise; (2) that the enterprise engaged in or its activities affected trade or commerce; (3) that defendant was employed by, or associated with the enterprise; (4) that he or she participated in the affairs of the enterprise; and (5) that he or she participated through a pattern of racketeering activity." *Adorno-Bezares v. City of New Brunswick Dep't of Planning, Cmty., & Econ. Dev.*, No. 11-151, 2012 WL 4505339, at *5 (D.N.J. Sept. 27, 2012) (citing *State v. Ball*, 632 A.2d 1222, 1235 (N.J. Super. Ct. App. Div. 1993)). "[W]here the plaintiff presents a fraud-based RICO claim, [however,] [the plaintiff] must plead with particularity the circumstances of the alleged fraud[,]" in accordance with Federal Rule of Civil Procedure 9(b). *Mierzwa v. Safe & Secure Self Storage, LLC*, 493 F. App'x 273, 276 (3d Cir. 2012); *see also Grant*, 2010 WL

4004719, at *4 (stating that the NJ RICO statute requires pleading with specificity in light of the heavy penalties imposed).

An enterprise, as defined in N.J.S.A. 2C:41-1(c), "includes any individual, sole proprietorship, partnership, corporation, business or charitable trust, association, or other legal entity, any union or group of individuals associated in fact although not a legal entity, and it includes illicit as well as licit enterprises and governmental as well as other entities." The New Jersey Supreme Court has held that an enterprise may be pleaded as "no more than the sum of the racketeering acts," and "[a]n 'enterprise' may also be identified by the existence of an ascertainable structure[.]" *Shan Indus., LLC v. Tyco Int'l (US), Inc.*, No. 04-1018, 2005 U.S. Dist. LEXIS 37983, at *48-49 (D.N.J. Sept. 9, 2005) (citing *State v. Ball*, 661 A.2d 251, 257-71 (N.J. 1995)). Thus, the definition of a pattern of racketeering activity under New Jersey law focuses on the relatedness of the activities to establish a pattern of activity. *Emcore Corp. v. Pricewaterhouse Coopers LLP*, 102 F. Supp. 2d 237, 255 (D.N.J. 2000); *Metz v. United Ctys. Bancorp*, 61 F. Supp. 2d 364, 373 (D.N.J. 1999) (citing *Ball*, 661 A.2d at 251). Relatedness concerns whether the acts "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Metz*, 61 F. Supp. 2d at 373 (citing *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)).

Here, Plaintiff alleges that DZ Defendants violated the NJ RICO statute through "conspiracy in contravention of N.J.S.A. 2C:41-1(d), theft, forgery and fraudulent practices, [and] embezzlement." (Am. Compl. 7.) Plaintiff alleges that "on information and belief, [DZ Defendants] have conspired to fraudulently transfer title" of the Three Vehicles. (*Id.* at 4.) The Court finds that Plaintiff fails to allege sufficient facts to meet the heightened pleading requirements of Rule 9(b). Specifically, Plaintiff fails to allege an ascertainable structure among

DZ Defendants or any representations as to DZ Defendants' organization that would demonstrate the presence of an enterprise, and fails to identify related conduct that would qualify as predicate acts under the NJ RICO statute. (*See id.* at 4-8.) The Court, therefore, concludes that Plaintiff fails to plead a claim under the NJ RICO statute. Accordingly, the Court grants DZ Defendants' motion to dismiss Count Three.

### D.    <u>Common Law Fraud (Count Four)</u>

Count Four of the Amended Complaint is a claim for common law fraud against DZ Defendants under the laws of New Jersey and Indiana. (Am. Compl. 8.) "Under New Jersey law, the elements of common law fraud are: '(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'" *Va. Sur. Co. v. Macedo*, No. 08-5586, 2011 WL 1769858, at *17 (D.N.J. May 6, 2011) (quoting *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 260 (N.J. 2005)). Similarly, under Indiana common law, an allegation of fraud must contain "a material representation of past or existing facts, which representation is false, made with knowledge or reckless ignorance of its falsity, which causes reliance to the detriment of the person relying upon it." *First Nat'l Bank of New Castle v. Acra*, 462 N.E.2d 1345, 1348 (Ind. Ct. App. 1984) (citations omitted). As outlined above, a plaintiff alleging fraud must comply with Rule 9(b) by "inject[ing] precision and some measure of substantiation into [its] allegations[.]" *Mars Inc. v. JCM Am. Corp.*, No. 05-3165, 2006 WL 1704469, at *5 (D.N.J. June 14, 2006) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)).

Here, Plaintiff alleges that DZ Motors, through its principal Dmitriy Zholobov, committed fraud by: (1) "transferr[ing] title of a 2015 Bentley . . . to Elena Zholobov"; (2) "obtain[ing]

financing on a 2016 G63 Mercedes Benz . . . from Raritan Bay"; and (3) "obtain[ing] financing on a 2014 Mercedes Benz . . . from Raritan Bay." (Am. Compl. 4-5.) Plaintiff further alleges that DZ Defendants used DZ Motors as an instrumentality of fraud, knowingly "transferred titles to motor vehicles without satisfying Plaintiff's security interest, and provided deceptive reports to Plaintiff's auditors in an attempt to conceal their fraudulent transfers." (Am. Compl. 8.) Plaintiff includes the name of the alleged parties and the make, model, and vehicle identification number for the vehicles. (*Id.*) Plaintiff, however, fails to allege any facts in support of DZ Defendants' knowledge or belief of their falsity, or that DZ Defendants intended Plaintiff to rely on that falsity as required under New Jersey law. *See Neuss v. Rubi Rose, LLC*, No. 16-2339, 2017 WL 2367056, at *9 (D.N.J. May 31, 2017); (Am. Compl. 4-8.) Additionally, under Indiana law, Plaintiff fails to allege any facts in support of a material, false representation of past or existing facts that caused detrimental reliance. *See Maynard v. 84 Lumber Co.*, 657 N.E.2d 406, 410 (Ind. Ct. App. 1995). The Court, therefore, concludes that the Amended Complaint fails to state a claim for common law fraud under New Jersey or Indiana law. Accordingly, the Court grants DZ Defendants' motion to dismiss Count Four.

## IV.    Conclusion

For the reasons set forth above, the Court denies DZ Defendants' motion to dismiss with respect to Count One. The Court grants DZ Defendants' motion to dismiss Count Two with respect to Elena Zholobov. The Court grants DZ Defendants' motion to dismiss Counts Three and Four. The Court grants United Teletech's motion to dismiss with respect to Count One. The Court denies

Plaintiff's request for leave to amend.[15] An order consistent with this Memorandum Opinion will be entered by the Court.

s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** July 26, 2017

---

[15] Plaintiff requests leave to amend its Amended Complaint in its opposition to DZ Defendants and United Teletech's motions to dismiss. (ECF Nos. 18, 28.) A plaintiff's request for leave to amend in the form of a sentence at the end of its opposition brief does not rise to the level necessary for a motion for leave to amend. *See Ramsgate Court Townhome Ass'n v. W. Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002) (finding that making mention of leave to amend at the end of an opposition brief, and failure to file a motion to amend and include a copy of a proposed amendment was fatal to a plaintiff's request). Here, Plaintiff's opposition briefs to the instant motions contain one sentence requesting leave to file a second amended complaint, and Plaintiff fails to include a proposed amendment. (ECF Nos. 18, 28.). The Court, therefore, denies Plaintiff's request for leave to amend. Plaintiff may file a motion for leave to amend that complies with the applicable rules, which will be returnable before the magistrate judge.