**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

AUTOMOTIVE FINANCE
CORPORATION,

    Plaintiff,

  v.

DZ MOTORS, LLC, et al.,

    Defendants.

Civil Action No. 16-7955 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

  This matter comes before the Court on Defendant Raritan Bay Federal Credit Union's ("Defendant") cross-motion to dismiss Count Two of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rule 7.1(h).[1] (ECF Nos. 33, 37.) Plaintiff Automotive Finance Corporation ("Plaintiff") filed opposition to Defendant's cross-motion (ECF No. 38), and Defendant did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Defendant's cross-motion to dismiss.

---

[1] Plaintiff filed a motion for an order to show cause (ECF No. 22), which the Court addressed by way of a separate order (ECF No. 47). Defendant filed opposition to Plaintiff's motion, and cross-moved to dismiss the Amended Complaint. (ECF Nos. 33, 37.) This Memorandum Opinion only addresses Defendant's cross-motion to dismiss.

I.  **Background**[2]

Plaintiff is an automotive finance company organized under the laws of the State of Indiana and has its principal place of business in Indiana. (Am. Compl. 1, ECF No. 6.)[3] Defendant is a not-for-profit financial institution with its principal place of business in South Amboy, New Jersey. (*Id.* at 2.) On or about May 13, 2010, Plaintiff, A to Z Auto Connection[4] ("A to Z"), and DZ Motors, LLC[5] ("DZ Motors") entered into a Demand Promissory Note and Security Agreement (the "Note"), which Dmitriy Zholobov signed, individually and as manager of DZ Motors. (*Id.* at 2.) Between 2010 and 2015, Plaintiff and DZ Motors executed numerous "Aggregate Advance Limit Amendments" to the Note, ultimately increasing the aggregate advance limit from $300,000 to $4,600,000.[6] (*Id.* at 3.) DZ Motors and Dmitriy Zholobov failed to make timely payments[7] as per the terms of the Note. (*Id.* at 5.) In or around October 2016, Plaintiff exercised its rights under the Note[8] and repossessed eighty-two vehicles to satisfy DZ Motors, A to Z, and Dmitriy

---

[2] For the purpose of the instant motion, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The Court assumes familiarity with the factual background of this matter and, therefore, only includes the facts necessary to decide the instant motion. (*See* July 26, 2017 Mem. Op. 1-4, ECF No. 45.)

[3] Plaintiff failed to include page numbers or consecutively numbered paragraphs in the Amended Complaint. The Court, therefore, references ECF page numbers.

[4] A to Z is a former corporation organized under the laws of New Jersey. (Am. Compl. 1.) A to Z's corporate charter was revoked on October 16, 2012. (*Id.*)

[5] DZ Motors is a limited liability company organized under the laws of New Jersey. (Am. Compl. 1.)

[6] "As of October 25, 2016, the payoff for the Note [was] $3,729,170.17." (Am. Compl. 5.)

[7] The Amended Complaint fails to indicate on what dates DZ Motors, A to Z, and Dmitriy Zholobov failed to render payment. (*See* Am. Compl. 3-4.)

[8] Paragraph 8.0 of the Note contains Plaintiff's right to repossess. (Am. Compl. 3-4.)

Zholobov's debt. (*Id.* at 4.) Plaintiff alleges that three vehicles[9] (the "Three Vehicles") are "missing" and are in the possession of Defendants DZ Motors, Dmitriy Zholobov, and Elena V. Zholobov (collectively, "DZ Defendants"). (*Id.*)

Upon information and belief, Plaintiff alleges that DZ Defendants (1) did not act as "buyers in the ordinary course" as defined by the Uniform Commercial Code ("UCC"); (2) conspired to fraudulently transfer title to the Three Vehicles; and (3) obtained financing from Defendant in a fraudulent manner. (*Id.* at 4-5.) Plaintiff further alleges that DZ Motors failed to satisfy Plaintiff's lien and provided purchasers with titles to sixty-two vehicles which have been sold "out of trust."[10] (*Id.* at 4.) Additionally, Plaintiff alleges that one vehicle, a 2015 Porsche 911 (the "Porsche"), was transferred from DZ Motors to Defendants Rossi Collantes and Shiel R. Patel, both of whom are believed to be buyers outside the ordinary course of business, with United Teletech FCU ("United Teletech") listed as a lienholder. (*Id.* at 5.)

Plaintiff filed a five-count Amended Complaint against Defendant, DZ Defendants, A to Z, Rossi Collantes, Shiel R. Patel, United Teletech, and John Does 1 to 100. (*See id.* at 1-2.) The Amended Complaint brings counts for: (1) Replevin ("Count One"); (2) Release of Defendant's Inferior Liens ("Count Two"); (3) Violation of the civil New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJ RICO") ("Count Three"); (4) New Jersey and Indiana Common Law Fraud ("Count Four"); and (5) Breach of Contract ("Count Five"). (*Id.* at 5-9.) On January

---

[9] The Three Vehicles include: (1) a 2015 Bentley; (2) a 2014 Mercedes Benz; and (3) a 2016 Mercedes Benz. (Am. Compl. 4-5.)

[10] An "out of trust" sale occurs when the borrower agrees to pay a lienholder for a vehicle and sells it, but fails to pay the lienholder for the sale. *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 82 n.2 (3d Cir. 2000).

23, 2017, Defendant cross-moved to dismiss Count Two of the Amended Complaint.[11] (Def.'s Moving Br. 1, ECF No. 33.)

## II. Legal Standard

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

---

[11] For reasons unknown to the Court, Defendant filed an answer to the Complaint on November 23, 2016 (ECF No. 8), and an answer to the Amended Complaint on December 16, 2016 (ECF No. 16).

4

III. **Discussion**

   A. **Cross-Motion to Dismiss**

Pursuant to Local Civil Rule 7.1(h), Defendant cross-moves to dismiss Count Two of the Amended Complaint in response to Plaintiff's motion for an Order to Show Cause ("OTSC") seeking an order of possession of certain collateral and property, including the Three Vehicles. (Pl.'s OTSC Moving Br. 5, ECF No. 22-5.) A cross-motion pursuant to Local Civil Rule 7.1(h) permits a party to file a cross motion "related to the subject matter of the original motion . . . together with that party's opposition papers[.]" L.Civ.R. 7.1(h); *Briglia v. Horizon Healthcare Servs., Inc.*, No. 03-6033, 2007 WL 1959249, at *2 (D.N.J. July 3, 2007); *see Davis v. Twp. of Paulsboro*, 371 F. Supp. 2d 611, 617 (D.N.J. 2005). If the relationship between the original motion and cross motion is unclear, the court may deny a cross-motion, but "may also overlook mere technical deficiencies and allow a motion to proceed." *Sync Labs LLC v. Fusion Mfg.*, No. 11-3671, 2014 WL 37124, at *5 (D.N.J. Jan. 6, 2014) (citing *Travelodge Hotels, Inc. v. BO-ED Inc.*, No. 04-4310, 2007 WL 8053668, at *4 (D.N.J. Mar. 19, 2007)). Here, Defendant moves to dismiss Count Two, which demands release of recorded liens on the Three Vehicles. (*See* Def.'s Moving Br. 16-17.) The Court finds that the cross-motion relates to the original motion's subject matter, the encumbered property, as required by Local Civil Rule 7.1(h).

   B. **Release of Defendant's Inferior Liens (Count Two)**

Count Two of the Amended Complaint alleges that Defendant "was aware [Elena V. Zholobov and DZ Motors] were insiders and [that] the transaction was subject to Plaintiff's superior filed lien." (Am. Compl. 7.) Defendant argues that the Amended Complaint should be dismissed with prejudice because: (1) Plaintiff's liens on the Three Vehicles were paid in full, (2) Defendant has priority liens on the Three Vehicles, and (3) "there are no claims remaining

5

against [Defendant]." (Def.'s Moving Br. 16.) In determining the priority among conflicting security interests, a fact-sensitive inquiry that involves complete discovery is necessary. *United States v. Balice*, No. 14-3937, 2015 WL 4251146, at *19 (D.N.J. July 10, 2015) (finding that the extent of a lien's priority cannot be determined without further discovery and the resolution of various issues of fact). Here, Plaintiff alleges a superior recorded lien and demands judgment in the form of release of recorded liens for the Three Vehicles. (Am. Compl. 7.) Specifically, Plaintiff alleges that the transactions involving Defendant were "fraudulent as to Plaintiff's superior rights in the secured collateral under the terms of the Note." (*Id.* at 5.) Plaintiff also alleges that its interest was filed as a "UCC Financing Statement [] with the Secretary of State of New Jersey on May 14, 2010." (*Id.* at 3.) The Court concludes that Plaintiff pleads sufficient facts to allege a valid lien with respect to Count Two. Accordingly, the Court denies Defendant's cross-motion to dismiss Count Two.

## IV. Conclusion

For the reasons set forth above, the Court denies Defendant's cross-motion to dismiss with respect to Count Two. An order consistent with this Memorandum Opinion will be entered by the Court.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: August 8th, 2017